This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**LEON SMITH,**
**Defendant-Appellant.**

Docket No. A-1-CA-37656
COURT OF APPEALS OF NEW MEXICO
May 20, 2019

APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY, Angie K. Schneider, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, Victor E. Sanchez, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

JULIE J. VARGAS, Judge. WE CONCUR: MEGAN P. DUFFY, Judge, BRIANA H. ZAMORA, Judge

**AUTHOR:** JULIE J. VARGAS

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals from his jury trial convictions for one count of criminal sexual penetration and one count of aggravated driving while under the influence of liquor or drugs. We proposed to affirm in a notice of proposed summary disposition. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his docketing statement, Defendant challenged the sufficiency of the evidence to support his convictions. [Am. DS 7] In our notice of proposed disposition, we set forth our understanding of the trial evidence. [CN 2-4] Based on the information before this Court, we proposed to conclude that there was sufficient evidence to support Defendant's convictions. [CN 3-4] In response, Defendant provides additional facts and maintains that there was insufficient evidence to support his convictions. [*See generally* MIO] Notably, Defendant's memorandum in opposition does not point to any specific errors of fact or law in our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a notice of proposed summary disposition), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Therefore, we are unpersuaded by Defendant's memorandum in opposition.

**{3}** To the extent Defendant asserts that this Court may not rely on the blood test because the Blood Alcohol Test (BAT) results were not included in the record proper [MIO PDF 11], we are not persuaded. Defendant acknowledges, and the record supports, that the State moved to admit the BAT results in evidence, defense counsel stipulated to this exhibit, and the district court admitted and read the BAT results on the record. [Am. DS 7; MIO PDF 7; RP 232] Moreover, there was testimony presented that Defendant "blew a .18 BAC on the properly calibrated equipment." [Am. DS 5; *see also* MIO PDF 7; RP 233]

**{4}** For the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm.

**{5}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**